UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARQUAN PAGE, | ) | CASE NO.  1:26-cv-00219 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF LAKEWOOD, OHIO, *et al.*, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is *pro se* Plaintiff Darquan Page's ("Page") Complaint under 42 U.S.C. § 1983 against the City of Lakewood, Ohio, the Lakewood Police Department, Lakewood Police Officer Jared Yoe, and "John and Jane Doe Officers and Court Officers" (collectively "Defendants").  (Doc. 1.)  Page also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2), which is GRANTED.

Additionally, Page filed a Motion for Early Discovery (Doc. 3), a Motion to Preserve and Produce All Courtroom and Courthouse Surveillance Footage (Doc. 4), a Motion to Compel Discovery (Doc. 5), a Motion for Injunctive Relief Against Retaliation (Doc. 6), and a Motion for Sanctions.  (Doc. 7.)

For the reasons stated herein, this matter is STAYED pending the resolution of *City of Lakewood v. Darquan Page*, Case Nos. CRB 2600077 and TRD 2600262 (Lakewood Mun. Ct.). Page's Motion for Injunctive Relief Against Retaliation (Doc. 6) is DENIED and all other pending motions (Docs. 3, 4, 5, 7) are DENIED without prejudice.

I.      **BACKGROUND**

Page's one-page Complaint pertains to criminal traffic proceedings brought against him

in Lakewood Municipal Court.  *See City of Lakewood v. Darquan Page*, Case Nos. CRB 2600077 and TRD 2600262 (Lakewood Mun. Ct.).[1]  He was charged with Obstruction of Official Business and Failing to Stop at a Sidewalk and pleaded no contest.  *See* Case Nos. CRB 2600077 and TRD 2600262, 2/27/2026 Journal Entry.  Two weeks later, he filed a post-sentence change of plea which was denied.  *Id.*  His appeal of this decision is ongoing.  *Id.*, 3/11/2026 Notice of Appeal; *City of Lakewood v. Darquan Page*, Case No. CA-26-116283 (8th Dist. 2026).

In his one-page Complaint (submitted with eight duplicate copies), Page challenges the lawfulness of his traffic stop, arrest, and the seizure and detention of his vehicle.  (Doc. 1 at 2-8.)[2]  He also contends his traffic charges violated his constitutional rights.  (*Id.*)  In a supporting memorandum, Page asserts Fourth Amendment, Fourteenth Amendment, and *Monell* claims against Defendants.  (Doc. 1-3 at 18.)  He seeks damages for economic harm.  (Doc. 1-2 at 10; Doc. 1-4 at 19-20.)  In a separate motion for injunctive relief, Page also seeks to enjoin unspecified Defendants from alleged retaliatory conduct related to his state court proceedings.  (Doc. 6 at 66-67.)

## II.     LAW AND ANALYSIS

*Pro se* pleadings are liberally construed.  *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *see also Garrett v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam)).  "However, this lenient treatment has limits . . . ."

---

[1] The Court is permitted to take judicial notice of public records whose contents prove facts whose accuracy cannot be reasonably questioned.  *See Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005); *see also Carr v. Louisville-Jefferson Cnty.*, 37 F.4th 389, 392 (6th Cir. 2022).

[2] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

*Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).

Federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction in every case. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). The Federal Rules of Civil Procedure provide that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

Under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 44-45, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987), federal courts must abstain from exercising jurisdiction in cases interfering with state proceedings involving important state interests absent extraordinary circumstances. Federal court abstention is mandated where a state-court proceeding is criminal, quasi-criminal, or civil in nature where federal court intervention "unduly interfere[s] with the legitimate activities of the States." *Younger*, 401 U.S. at 44; *see also Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988).

Abstention is appropriate where: (1) a state proceeding is ongoing; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords an adequate opportunity to raise federal concerns. *Middlesex Cnty. Ethics Comm. v. Garden State*

*Bar A*ss'n, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*).

All three factors warranting abstention are present.  First, the Lakewood Municipal Court docket indicates Page's state traffic cases are still pending on appeal.  *See* Case Nos. CRB 2600077 and TRD 2600262, 3/11/2026 Notice of Appeal.  Second, state traffic prosecutions implicate important state interests.  *See Gorenc v. City of Westland*, 72 F. App'x 336, 338 (6th Cir. 2003) (citations omitted).

As to the third *Younger* requirement, the relevant inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims.  *Moore v. Sims*, 442 U.S. 415, 430, 99 S. Ct. 2371, 60 L. Ed. 2d 994 (1979).  Courts initially "must presume that the state courts are able to protect the interests of [a] federal plaintiff," and the burden of establishing the inadequacy of the state courts rests on the plaintiff.  *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil*, 481 U.S. at 15).  Where a plaintiff has not attempted to present his federal claims in state court proceedings, the "federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."  *Pennzoil*, 481 U.S. at 15.  Here, Page has not shown he attempted to assert the federal claims he raises in this lawsuit in the Lakewood Municipal Court proceedings or cited to unambiguous authority demonstrating he is precluded by state procedures from doing so.  "And [Page] has not set forth facts reasonably suggesting that the [Lakewood] Municipal Court cannot or will not provide him an adequate opportunity to raise legitimate federal concerns he has in the context of the state proceeding[s]."  *Watts v. City of Cleveland Heights*, No. 25 CV 1582, 2025 WL 2615846, 2025 U.S. Dist. LEXIS 176338, at *5 (N.D. Ohio Sept. 10, 2025).

Accordingly, under *Younger*, the Court must abstain from interfering with Page's

pending state court proceedings.[3]  *See Gustavson v. Patton*, No. 1:26-CV-870, 2026 WL 1020512, 2026 U.S. Dist. LEXIS 82457, at *6-7 (N.D. Ohio Apr. 15, 2026) (same); *Watts*, 2025 U.S. Dist. LEXIS 176338, at *6-8 (same).

"A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Eidson v. State of Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 638 (6th Cir. 2007) (citation and quotations omitted).  "[F]ederal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731, 116 S. Ct. 1712, 135 L. Ed. 2d 1 (1996).  "But where . . . the plaintiff[] seek[s] only legal relief, in the form of damages, and the district court properly applies the *Younger* doctrine to abstain from adjudicating a claim for damages, it must stay the case instead of exercising its discretion in deciding to dismiss the case." *Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 702 (6th Cir. 2013); *see also Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1998); *Goodwin v. Cnty. of Summit*, 45 F. Supp. 3d 692, 704-05 (N.D. Ohio 2014).  Since Page seeks damages, a stay of this action under *Younger* is appropriate.  (*See* Doc. 1-2 at 10; Doc. 1-4 at 19-20.)[4]

Finally, to the extent Page seeks Rule 65 injunctive relief, he must show, by clear and

---

[3] Page has not demonstrated this case implicates any exception to the *Younger* doctrine.  *See Ada-Cascade Watch Co., Inc. v. Cascade Res. Recovery, Inc.*, 720 F.2d 897, 902 n.2 (6th Cir. 1983) (listing exceptions to *Younger*); *see also Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (citations omitted).

[4] To the extent Page's § 1983 damages claims imply the invalidity of his traffic convictions, they may not be cognizable under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  *Heck* held that § 1983 damages claims implying the invalidity of a state conviction or sentence are not cognizable until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus.  *See Gorenc*, 72 F. App'x at 339 (citing *Heck*, 512 U.S. at 486-87).

convincing evidence: (1) he has a strong likelihood of success on the merits, (2) he would suffer irreparable injury without an injunction, (3) the issuance of an injunction would not cause substantial harm to others, and (4) the public interest would be served by the injunction.  *See Nat'l Credit Union Admin. Bd. v. Jurcevic*, 867 F.3d 616, 622 (6th Cir. 2017); *Draudt v. Wooster City Sch. Dist. Bd. of Educ.*, 246 F. Supp. 2d 820, 832 (N.D. Ohio 2003) (citing *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968)).  These factors "are to be balanced against each other."  *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted).  However, "a finding that there is simply no likelihood of success on the merits is usually fatal."  *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

Page's Motion for Injunctive Relief Against Retaliation does not adequately address these factors.  (*See* Doc. 6.)  Page does not assert a likelihood of success on the merits.  (*See id.*)  Following the exercise of his First Amendment activity in his state proceedings, he claims he experienced retaliatory and "coercive prosecutorial conduct, interference with filings, and intimidation by law enforcement and court officers."  (*Id.* at 66.)  His conclusory assertions fail to demonstrate how he has been denied due process and constitutional rights.  (*Id.* at 66-67.)  And Page has not shown the injunctive relief he seeks would not result in substantial harm to others or that an injunction would serve the public interest.  (*Id.*)  Setting aside issues of immunity and the Court's limited authority to enjoin state court proceedings, Page has not met his burden to show, by clear and convincing evidence, that he is entitled to injunctive relief.  Page's motion for injunctive relief is denied.

All other pending motions are denied without prejudice.  (Docs. 3, 4, 5, 7.)

### III.    CONCLUSION

For the reasons stated herein, *pro se* Plaintiff Darquan Page's Motion to Proceed *In Forma Pauperis* (Doc. 2) is GRANTED.  This matter is STAYED pending final resolution of *City of Lakewood v. Darquan Page*, Case Nos. CRB 2600077 and TRD 2600262 (Lakewood Mun. Ct.).  This case is administratively closed, subject to reopening if Plaintiff timely files a motion to reopen demonstrating the above-listed state court matters have reached finality, meaning resolution by settlement or exhaustion of all appeals.  No claims or defenses are waived as a result of this Order.  Any motion to reopen must be filed no later than fourteen (14) days after the state court matters are fully resolved.  Failure to timely move the Court to reopen may result in an order denying the motion and all claims being dismissed with prejudice for failure to prosecute.  Page's Motion for Injunctive Relief Against Retaliation (Doc. 6) is DENIED and all other pending motions (Docs. 3, 4, 5, 7) are DENIED without prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

**Date:**  May 6, 2026

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE